**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

March 10, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Kimberly G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 25-0075-DRM

Dear Counsel:

On January 10, 2025, Plaintiff Kimberley G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 13, 16. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits ("DIB") and a Title XVI application for Supplemental Security Income benefits ("SSI") on February 19, 2021, alleging a disability onset of January 1, 2017. Tr. 17. Plaintiff later amended her onset date to February 19, 2021, the date she filed her applications. Tr. 44. Plaintiff's claims were denied initially and on reconsideration. Tr. 127-131; 132-136; 149-152; 153-156. On July 12, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 14-35. Following the hearing, on October 25, 2023, the ALJ issued a partially favorable decision, determining that Plaintiff was disabled within the meaning of the Social Security Act[2] during only part of the relevant time frame. Tr. 14-35. The Appeals Council denied Plaintiff's request for review of the unfavorable portion of the decision, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn W. Colvin, the Acting Commissioner of Social Security on December 31, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Kimberly G. v. Frank Bisignano*
Civil No. 25-0075-DRM
March 10, 2026
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since February 19, 2021, the amended alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "asthma, obesity, chronic sinusitis, lumbar degenerative disc disease & radiculopathy, and bilateral knee osteoarthritis." Tr. 20. At step three, the ALJ determined that Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand/walk up to 4 hours in an 8-hour workday. She can sit up to 6 hours in an 8-hour workday. She can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, or crawl. She needs to avoid work at unprotected heights. She needs to avoid even moderate exposure to fumes, odors, dusts, gases, or other environmental / pulmonary irritants.

Tr. 21.

The ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 25. The ALJ noted that on May 29, 2023, Plaintiff's age category changed, from "an individual closely approaching advanced age," to that of "an individual of advanced age." Tr. 26. The ALJ determined that prior to May 29, 2023, Plaintiff could perform jobs that existed in significant numbers in the national economy such as small parts assembler, price marker, and office helper. Tr. 26-27. However, the ALJ also determined that beginning May 29, 2023, "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform." Tr. 27. Therefore, the ALJ concluded that Plaintiff was not disabled prior to May 29, 2023, but was disabled beginning on May 29, 2023. Tr. 26-28.

*Kimberly G. v. Frank Bisignano*
Civil No. 25-0075-DRM
March 10, 2026
Page 3

### III.    <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    <u>ANALYSIS</u>

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the RFC assessment violates Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). ECF No. 11 at 7-8. Specifically, Plaintiff contends that the ALJ expressed the RFC in terms of the exertional level "light work," modified by some specific walking, standing, and sitting limitations, without first conducting the required function-by-function analysis of individual findings, such as Plaintiff's capacity for exertional activities of sitting, standing, walking, lifting, carrying, pushing and pulling. ECF No. 11 at 9. She further argues that the RFC engaged in "cherry-picking" of the record to ignore evidence undermining the RFC finding of light work. ECF No. 11 at 14-16. Plaintiff argues that the ALJ's errors in determining the RFC were "particularly critical" because had the ALJ conducted the correct analysis and determined the Plaintiff had been limited to sedentary work rather than light work, with Plaintiff's education level, skills, and age ("closely approaching advanced age"), she would have been deemed "disabled" as of the alleged onset date, rather than the later date her age category changed. ECF No. 11 at 9-10.

In response, the Commissioner contends that "the court can easily trace the ALJ's reasoning in finding Plaintiff's ability to perform the relevant functions required by light work before her age category changed." Tr. 6. The Commissioner argues that in *Mascio v. Colvin*, the court "refused to adopt a 'per se rule requiring remand when the ALJ does not perform an explicitly function-by-function assessment.'" ECF No. 12 at 6-7 (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). The Commissioner further contends that "although the ALJ may not have conducted an explicit function-by-function analysis, it is apparent from the ALJ's discussion how the ALJ determined Plaintiff's capacity." ECF No. 13 at 7. The Commissioner adds that the RFC is supported by the ALJ's discussion of Plaintiff's treatment history, clinical findings, subjective reports, and the prior administrative medical opinions, ECF No. 13 at 8-10.

A residual functional capacity represents the most the claimant can do in a work setting on a regular and continuing basis despite any physical and mental limitations the claimant may possess. 20 C.F.R. § 404.1545(b)-(c) (2012).

*Kimberly G. v. Frank Bisignano*
Civil No. 25-0075-DRM
March 10, 2026
Page 4

As the Fourth Circuit explained in *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019):

> The ALJ must consider all of the claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC.
>
> …
>
> Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two. Indeed, our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

916 F.3d at 311.

Here, the ALJ determined that Plaintiff could perform light work with some limitations. Tr. 21. The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires *a good deal of walking or standing*, or when it involves *sitting most of the time* with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (emphasis added). The ALJ additionally limited Plaintiff to "stand/walk up to 4 hours in an 8-hour workday" and to "sit up to 6 hours in an 8-hour workday." Tr. 21.

Although the ALJ discussed the record evidence, including Plaintiff's symptoms, exams, medications, objective medical evidence, medical opinions, and prior administrative findings, he did not explain what evidence supported the specific 4-hour and 6-hour limitations he identified, or otherwise discuss how he arrived at them.

The ALJ noted that Plaintiff testified "that she can stand for 5-10 minutes, walk for 5-10 minutes, sit for 10 minutes, and lift/carry 5 pounds." Tr. 21, 64-65. He then concluded that, while

*Kimberly G. v. Frank Bisignano*
Civil No. 25-0075-DRM
March 10, 2026
Page 5

Plaintiff's medically determinable impairments could reasonably be expected to cause these and other alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision." Tr. 22.[3] The ALJ noted that both state medical consultants found Plaintiff was capable of light work, with some limitations as to posture and exposure to fumes, odors, and hazards. Tr. 24. He stated he found those opinions "mostly persuasive," however "to fully account for her testimony that standing and walking aggravate her back pain, she is reduced to only 4 hours of standing and walking in an 8-hour workday. . . [and] she can sit up to 6 hours in an 8-hour workday." Tr. 24-25. However, the ALJ did not explain why those hours exceptions were sufficient to address the Plaintiff's limitations.

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ did not provide support for his conclusion that Plaintiff was limited to, but could perform, a maximum of 4 hours of standing and walking and 6 hours of sitting in an 8-hour workday. He did not cite medical opinions, tests or other record evidence to support the specific limits of 4 hours and 6 hours per day, as opposed to lower limits. *See Elijah H. v. O'Malley*, No. SAG-23-1786, 2024 WL 1833608, at *4 (D. Md. Apr. 26, 2024) (remanding where ALJ did not cite medical evidence to support RFC's provisions). The ALJ did not explain how the evidence in the record, either a specific piece of evidence or reviewed as a whole, supported the exact hours exceptions he included in the RFC. *See Kanjuette C. v. Bisignano*, No. EA-25-0612, 2026 WL 322673, at *10 (D. Md. Feb. 6, 2026) (remanding where ALJ did not identify evidence relied upon to support the specific limitations in the RFC).

The ALJ decision accordingly lacks the required logical bridge between the record evidence and the RFC determination. Without reference to the evidence on which the ALJ relied in imposing those specific exceptions, the Court is unable to engage in a meaningful review of whether those exceptions address Plaintiff's limitations and, therefore, whether there is support for the ALJ's determination that the Plaintiff otherwise retained the residual functional capacity to perform "light work." Remand is necessary where an ALJ's inadequate analysis "frustrates meaningful review," and the court is "left to guess about how the ALJ arrived as his conclusions." *Mascio*, 780 F.3rd at 636-37.

In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

[3] *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017).

*Kimberly G. v. Frank Bisignano*
Civil No. 25-0075-DRM
March 10, 2026
Page 6

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge